UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>U.S. AGENCY FOR INTERNATIONAL<br>DEVELOPMENT<br>1300 Pennsylvania Avenue, NW<br>Washington, D.C. 20004,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Case No. 1:25-cv-333 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust ("PPT") brings this action against the U.S. Agency for International Development ("USAID") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel USAID's compliance with the FOIA's requirements.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. Consistent with Justice Brandeis's aphorism that "Sunlight is said to

1

be the best of disinfectants, electric light the most efficient policemen," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT. (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant USAID is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). USAID has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On October 15, 2024, PPT submitted a FOIA request to USAID (attached as Exhibit A) seeking the following records:

    1. From July 13, 2022, through the date this request is processed, records of communications to, from, and including the list of custodians with the lists of internal and external agencies/individuals about the listed subject matters.

    Custodians:
    a) Officials in the Immediate Office of the Administrator
    b) Bureau for the Middle East
    c) Samantha Power

    Internal Officials:
    i. USAID Officials

    External entities:
    I.    Officials in the White House
    II.   Officials in the Department of the Treasury's Office of Foreign Assets Control including, but not limited to, Brad Smith
    III.  Ambassador to the United Nations
    IV.   Members of The National Security Council
    V.    Officials in The United Nations Relief and Works Agency
    VI.   Officials with the United Nations
    VII.  Officials in the Department of State, Office of Threat Finance Countermeasures

    VIII.   Officials in the Department of State, Office of Palestinian Affairs

    Subject matters:
1. Taylor Force Act
2. Funding to Palestinian territories, Gaza, West Bank, Palestinian Authority

7. Release of these records is in the public interest because it will contribute to the public's understanding of USAID and senior Biden Administration officials' compliance with and analysis of the legal restrictions that exist to prevent US taxpayer funding of international terrorist activity.

8. On October 15, 2024, USAID sent an email to PPT acknowledging receipt of the request, that it had been assigned the request number #F-00030-25, and that its current status was "Received."

9. On October 16, 2024, USAID sent PPT two emails. The first stated that the request's status had been updated to "On Hold – Need Info/Clarification." The second was a longform email stating that USAID required PPT to take immediate action to clarify the request by providing further detail describing the records sought. The email did not provide any information about parts of the request USAID required more clarification on.

10. On October 24, 2024, PPT responded to USAID to ask what clarification USAID required and to specify that it was "seeking communications between the listed officials regarding the listed subject matters."

11. USAID responded that it needed email domains for external persons or organizations outside of USAID identified in the request to be able to search for their email records; USAID also stated that it would not have a list of names for personnel in other agencies' offices, such as for the Department of State's Office of Palestinian Affairs. USAID

requested PPT provide email domains for the following external email sources listed in the request by October 30, 2024:

    I.     Officials in the White House
    II.    Officials in the Department of the Treasury's Office of Foreign Assets Control including, but not limited to, Brad Smith
    III.   Ambassador to the United Nations
    IV.   Members of The National Security Council
    V.    Officials with the United Nations
    VI.   Officials in the Department of State, Office of Threat Finance Countermeasures
    VII.  Officials in the Department of State, Office of Palestinian Affairs

12. PPT responded on the same day, providing email domains for each of the organizations. PPT sent a follow up email with additional domains for the Ambassador to the United Nations.

13. USAID then sent PPT four emails. The first stating that the status of the request had been updated to "Received;" the second thanking PPT for providing the list of email domains; the third stating that the status of the request had been updated to "Assigned for Processing;" the fourth providing details on the request's assignment to a FOIA specialist and stating that USAID was invoking an extension on the 20-day statutory time limit for its response to the request due to "unusual circumstances."

14. Since this exchange of emails on October 24th, USAID has gone silent regarding the request.

15. To date, USAID has not sent PPT a response to the request, a timeline or estimate for when it will do so, or any other communication regarding the request.

16. Over 100 days have elapsed since USAID received PPT's request, yet USAID still has not made a determination with respect to it. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). USAID has not produced responsive

documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determination.

17. Given these facts, USAID has not met its statutory obligations to provide the requested records.

18. Through USAID's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

a. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

b. PPT's request was a properly submitted request for records within the possession, custody, and control of USAID.

c. USAID is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

d. USAID is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

e. USAID's failure to provide all non-exempt responsive records violates FOIA.

f. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring USAID to promptly produce all non-exempt records responsive to its FOIA request and provide

an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Plaintiff PPT respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until Defendant USAID complies with the requirements of FOIA and any and all orders of this Court.

(2) Order USAID to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's request and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

(3) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(4) Grant PPT other such relief as the Court deems just and proper.

Dated: January 8, 2025

Respectfully submitted,

PROTECT THE PUBLIC'S TRUST

By Counsel:
/s/ Jacob William Roth
Jacob William Roth
D.D.C. Bar ID: 1673038
DHILLON LAW GROUP, INC.
1601 Forum Plaza, Suite 403
West Palm Beach, Florida 33401
Telephone: 561-227-4959
JRoth@Dhillonlaw.com

*Counsel for the Plaintiff*