UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST,<br><br>      Plaintiff,<br><br>    v.<br><br>U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT,<br><br>      Defendant. | Civil Action No. 25-0333 (LLA) |

**MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF**

**TABLE OF CONTENTS**

Table of Contents ........................................................................................................................... i

Table of Authorities ..................................................................................................................... ii

Background ....................................................................................................................................1

Legal Standard ...............................................................................................................................3

Argument .......................................................................................................................................4

Conclusion ...................................................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Ctr. for L. & Just. v. Dep't of Homeland Sec.*,
 573 F. Supp. 3d 78 (D.D.C. 2021) ..................................................................................1, 6, 7

*Am. Fed'n of Gov't Emps. ("AFGE") v. Dep't of Com.*,
 907 F.2d 203 (D.C. Cir. 1990)...................................................................................... passim

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .................................................................................................................3

*Assassination Archives & Rsch. Ctr., Inc. v. CIA*,
 720 F. Supp. 217 (D.D.C. 1989) ........................................................................................9, 10

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .................................................................................................................3

*Ctr. for Immigr. Stud. v. U.S. Citizenship & Immigr. Servs.*,
 Civ. A. No. 22-0117 (TNM), 2022 WL 4289561 (D.D.C. Sept. 16, 2022) ........................8, 10

*Dale v. IRS*,
 238 F. Supp. 2d 99 (D.D.C. 2002) ........................................................................... 1, 4, 8, 10

*Freedom Watch v. CIA*,
 895 F. Supp. 2d 221 (D.D.C. 2012) ......................................................................................1, 7

*Freedom Watch v. State*,
 925 F. Supp. 2d 55 (D.D.C. 2013) ......................................................................................7, 10

*Gustave-Schmidt v. Chao*,
 226 F. Supp. 2d 191 (D.D.C. 2002) ..........................................................................................4

*Hainey v. Dep't of Interior*,
 925 F. Supp. 2d 34 (D.D.C. 2013) ..........................................................................................11

*Hall & Assocs. v. EPA*,
 No. 16-5315, 2018 WL 1896493 (D.C. Cir. Apr. 9, 2018) ...................................................8, 9

*Hall v. Dep't of Just.*,
 273 F. Supp. 3d 77 (D.D.C. 2017) .......................................................................................4, 8

*Hettinga v. United States*,
 677 F.3d 471 (D.C. Cir. 2012).................................................................................................1

*Int'l Counsel Bureau v. Dep't of Def.*,
  723 F. Supp. 2d 54 (D.D.C. 2010) .................................................................................10

*Kissinger v. Reps. Comm. for Freedom of the Press*,
  445 U.S. 136 (1980) ..........................................................................................................8

*Marks v. Dep't of Just.*,
  578 F.2d 261 (9th Cir. 1978) ............................................................................................9

*Mason v. Callaway*,
  554 F.2d 129 (4th Cir. 1977) ..........................................................................................10

*Moore v. FBI*,
  883 F. Supp. 2d 155 (D.D.C. 2012) ..................................................................................8

*Nat'l Sec. Counselors v. CIA*,
  969 F.3d 406 (D.C. Cir. 2020) ........................................................................................10

*Papasan v. Allain*,
  478 U.S. 265 (1986) ..........................................................................................................3

*Sack v. CIA*,
  53 F. Supp. 3d 154 (D.D.C. 2014) ................................................................................8, 9

*Sai v. Transportation Security Administration*,
  315 F. Supp. 3d 218 (D.D.C. 2018) ..................................................................................7

*Sykes v. Dudas*,
  573 F. Supp. 2d 191 (D.D.C. 2008) ..................................................................................3

*Vest v. Dep't of Air Force*,
  793 F. Supp. 2d 103 (D.D.C. 2011) ..................................................................................4

**Statutes**

5 U.S.C. § 552 ..................................................................................................................... 1, 4

**Regulations**

22 C.F.R. § 212.5(e) ................................................................................................................ 5

Defendant U.S. Agency for International Development (the "Agency") respectfully moves pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss the Complaint in this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), case. The underlying request is impermissibly broad and so sweeping that it does not constitute a valid FOIA request. Because its invalidity can be assessed from the face of the request, which is recited in the Complaint, this issue can be resolved on a motion to dismiss.[1] *Am. Ctr. for L. & Just. v. Dep't of Homeland Sec.*, 573 F. Supp. 3d 78, 88 (D.D.C. 2021) (hereinafter, "*American Center*") (dismissing complaint without prejudice on the basis that the FOIA request on its face failed to reasonably describe the records sought). The Agency respectfully requests that the Court grant this motion and dismiss the case in its entirety.

## BACKGROUND

The following factual allegations are drawn from Plaintiff Protect the Public's Trust's ("Plaintiff") Complaint and are accepted as true solely for the purposes of this Motion. *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (in evaluating a motion to dismiss under Rule 12(b)(6), a court must accept a plaintiff's factual allegations as true and "construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged").

Plaintiff "is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants." Compl. (ECF No. 1) ¶ 4. On October 15, 2025, Plaintiff submitted a FOIA request to

---

[1] Courts have resolved such issues based on the FOIA request and without requiring extrinsic evidence. *See*, *e.g.*, *Dale v. IRS*, 238 F. Supp. 2d 99, 104-05 (D.D.C. 2002) (noting that request was deficient "on its face"); *Freedom Watch, Inc. v. CIA*, 895 F. Supp. 2d 221, 228 (D.D.C. 2012) ("Freedom Watch's complaint demonstrates on its face that its FOIA requests" are improper).

the Agency. *Id.* ¶ 6; *see also* Compl. Ex. 1, FOIA Request (ECF No. 1-1). The FOIA request seeks "the following records":

> 1. From July 13, 2022, through the date this request is processed, records of communications to, from, and including the list of custodians with the lists of internal and external agencies/individuals about the listed subject matters.
>
> Custodians:
> a) Officials in the Immediate Office of the Administrator
> b) Bureau for the Middle East
> c) Samantha Power
>
> Internal Officials:
> i. USAID Officials
>
> External entities:
> I. Officials in the White House
> II. Officials in the Department of the Treasury's Office of Foreign Assets Control including, but not limited to, Brad Smith
> III. Ambassador to the United Nations
> IV. Members of The National Security Council
> V. Officials in The United Nations Relief and Works Agency
> VI. Officials with the United Nations
> VII. Officials in the Department of State, Office of Threat Finance Countermeasures
> VIII. Officials in the Department of State, Office of Palestinian Affairs
>
> Subject matters:
> 1. Taylor Force Act
> 2. Funding to Palestinian territories, Gaza, West Bank, Palestinian Authority

*See* Compl. (ECF No. 1) ¶ 6; Compl. Ex. 1, FOIA Request (ECF No. 1-1).

On October 15, 2024, the Agency acknowledged receipt of the FOIA request and assigned request number F-00030-25 to the FOIA request. Compl. (ECF No. 1) ¶ 8. Thereafter, the Agency requested that Plaintiff "clarify the request by providing further detail describing the records sought." *Id.* ¶ 9. The parties exchanged a number of communications through which USAID sought, and Plaintiff provided, email domains of select external agencies. *Id.* ¶¶ 10-12. On October 24, 2024, the Agency acknowledged receipt of the clarifications, invoked the twenty-day

statutory time limit for its response, and assigned the request for processing. *Id*. ¶ 13. Plaintiff alleges that it has not received any communications since then. *Id*. ¶ 14. Plaintiff sued in this Court on February 4, 2025, alleging a single count for wrongful withholding of non-exempt responsive records pursuant to FOIA. *Id*. at 5. Plaintiff seeks an injunction requiring the Agency to "produce . . . any and all non-exempt records responsive to [its] request and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption," attorney's fees and costs, and other relief the Court "deems just and proper." *Id*. at 6.

## LEGAL STANDARD

Rule 12(b)(6) governs dismissal of a case for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff. *Sykes v. Dudas*, 573 F. Supp. 2d 191, 198 (D.D.C. 2008). However, a district court is not required to accept conclusory allegations or unwarranted factual deductions as true. *Id*. at 198-99. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Likewise, the Court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Accordingly, Plaintiff must present factual allegations that are sufficiently detailed "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 668 (quoting *Twombly*, 550

U.S. at 557) (internal quotations omitted).  Therefore, the focus is on the language in the complaint and whether the complaint sets forth sufficient factual allegations to plausibly support Plaintiff claims for relief.  In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint[,] and matters about which the Court may take judicial notice."  *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (internal citations omitted).

## ARGUMENT

Plaintiff's request—which seeks "records" from more than a two-year period between all Agency employees and the unnamed employees of eight external government offices or agencies on the ambiguous topics of "Taylor Force Act" and "Funding to Palestinian territories, Gaza, West Bank, Palestinian Authority"—does not reasonably describe the records sought and, as a result, Plaintiff's Complaint should be dismissed for failure to state a claim.  Such an unreasonably broad and burdensome request is not valid and does not trigger any obligation on the part of the Agency to respond.  *Dale*, 238 F. Supp. 2d at 103.  The failure to submit a valid request, moreover, constitutes a failure to exhaust administrative remedies, warranting dismissal of any action premised on an invalid request.  *Id.*; *see also Vest v. Dep't of Air Force*, 793 F. Supp. 2d 103, 114-15 (D.D.C. 2011); *Hall v. Dep't of Just.*, 273 F. Supp. 3d 77, 84 (D.D.C. 2017).

FOIA sets forth two specific requirements for a valid request: that the request (i) "reasonably" describe the records sought and (ii) comply with any "published rules stating the time, place, fees (if any), and procedures to be followed."  5 U.S.C. § 552(a)(3)(A); *Dale*, 238 F. Supp. 2d at 103.  The obligation to process a request only begins upon receipt of a valid request, *i.e.*, one that satisfies these two requirements.  *Dale*, 238 F. Supp. 2d at 103.

The requirement that a request "reasonably" describes the records sought, moreover, is set forth in the published regulations applicable to requests submitted to the Agency. Pursuant to those regulations, a requester "must describe the records sought in sufficient detail to enable the component's FOIA office personnel to locate them with a reasonable amount of effort." 22 C.F.R. § 212.5(e). The regulations further direct that "[t]o the extent possible, requesters should include specific information that may assist in identifying the requested records, such as the date, title or name, author, recipient, subject matter of the record, case number, file designation, or reference number" and warns that "[i]f a request does not reasonably describe the records sought, the component FOIA office's response to the request may be delayed or denied. *Id.*

As the FOIA statute and applicable regulations make clear, a FOIA request must be framed around some subject matter, class of information, or other focal point that adds contour to the information being requested (such as a case number, file designation, or reference number) to be reasonably descriptive. *Am. Fed'n of Gov't Emps. ("AFGE") v. Dep't of Com.*, 907 F.2d 203, 209 (D.C. Cir. 1990) (a request must "'reasonably describe[]' a class of documents subject to disclosure"). It is not permissible to simply request all work product received or generated by a government official over an extended period. Here, the request effectively asks for all records and communications among an unquantified number of unidentified Agency employees and an unquantified number of unidentified external employees of over eight organizations over a period of more than two years—with the only specified topic to narrow that potentially massive universe of responsive records being a reference to a statute and or funding to "Palestinian territories, Gaza, West Bank, Palestinian Authority." Compl. (ECF No. 1) ¶ 6.

One example of the request's underlying lack of specificity and resulting overbreadth is the use of "Officials with the United Nations." Compl. (ECF No. 1) ¶ 6. The request does not

specify which component or office of the United Nations is at issue, and thus the request could be read to encompass all United Nations affiliates and offices, which may have different email domains. The United Nations is comprised of six "principal organs": "a General Assembly, a Security Council, an Economic and Social Council, a Trusteeship Council, an International Court of Justice, and a UN Secretariat." United Nations Charter, Art. 7, 59 Stat. 1051, T.S. No. 993 (1945). The United Nations also includes a "system" which "comprises many funds, programmes and specialized agencies, each of which have their own area of work, leadership and budget." U.N. System, https://www.un.org/en/about-us/un-system (last visited Apr. 1, 2025). The total number of employees in the U.N. System in 2023 was 133,126. Personnel by Organization, https://unsceb.org/hr-organization (last visited Apr. 1, 2025). An Agency employee trying to determine what records might be responsive to Plaintiff's request would need to collect lists of the affiliates and their personnel and then attempt to construct a list of terms that could potentially capture arguably responsive records.

While technological advances may allow some information meeting the description in Plaintiff's request to be captured by an agency, such advances are not a basis to read out of FOIA the "reasonably describes" requirement as a necessary limitation on the permissible scope of a request. The following observation in *American Center*, which involved the dismissal of an overly broad request, applies equally here:

> FOIA provides an important check against the abuses of government. Nonprofits have wielded FOIA in that laudable spirit, often to positive effect for all concerned about how government operates. But FOIA also encourages the same nonprofits requesters to push further. And many have, some persistently. Those incentives [reduced or waived processing fees, and attorney fee-shifting provisions] breed requests like this one—imposing crushing burdens on limited agency resources with no clear scope or result. FOIA envisions that applicants will reasonably describe the records they seek, and agencies are entitled to demand it.

*Id*. at 88.

As a general matter, records are considered reasonably described "'if a professional employee of the agency familiar with the subject matter can locate the records with a reasonable amount of effort.'" *Freedom Watch,* 895 F. Supp. 2d at 228. But that general rule still requires that some "subject matter" or defined "class" of records be identified. *AFGE*, 907 F.2d at 209; *cf. Am. Ctr.*, 573 F. Supp. 3d at 85 (finding that a request seeking documents "referencing or regarding in any way" eight topics to be too broad allow the agency "to determine precisely what records are being requested."). Other courts in this district concur.

For instance, in *Sai v. Transportation Security Administration*, 315 F. Supp. 3d 218 (D.D.C. 2018), the Court held that a request for "'*[a]ll* TSA policy and/or procedures documents' that were 'not already' available through the agency's electronic reading room, 'including both old [and] current versions' of those documents" was impermissibly broad and did not impose an obligation on the agency to respond. *Id*. at 248-49. The court had "little doubt" that the request "did not 'reasonably describe' a class of documents subject to disclosure." *Id*.

Similarly, in *Freedom Watch v. State*, 925 F. Supp. 2d 55, 61-62 (D.D.C. 2013), the Court deemed the requests at issue "invalid *ab initio*" for failing to identify the documents sought with "any modicum of specificity" or "identifiable limitation." The requests sought, among other things, "'[a]ny and all communications between the office of Secretary of State Hillary Clinton and the office of Secretary of the Treasury Timothy Geithner,' 'the office of Secretary of State Hillary Clinton and the White House,' and 'the office of Secretary of Treasury Timothy Geithner and the White House.'" *Id*. at 62. The court concluded that the requests violated the "'reasonably describes'" standard of FOIA, as well as the agency's FOIA regulations which incorporated that standard, and thus were "infirm from the beginning." *Id*. at 60 n.1, 62. The court also rejected the plaintiff's attempt to belatedly narrow the scope of its request to avoid dismissal. *Id.* at 62.

Other judges have reached similar conclusions in analogous circumstances. *See, e.g., Sack v. CIA*, 53 F. Supp. 3d 154, 163 (D.D.C. 2014) (concluding that agency was not required to conduct a search for a request for all records that "pertain[] in whole or in part (all years, all classifications)" to a list of closed Inspector General reports because it lacked clarity and was overbroad); *Moore v. FBI*, 883 F. Supp. 2d 155, 163 (D.D.C. 2012) (finding that a request for "information to make easier to locate consciousness-altering technology, or behavioral modification techniques, information regarding the program" was "not reasonably descriptive to trigger the CIA's disclosure obligations."); *Dale*, 238 F. Supp. 2d at 104-05 (holding that a request for "any and all documents, including but not limited to files, that refer or relate in any way to" the plaintiff "amounted to an all-encompassing fishing expedition of files at IRS offices across the country," warranting dismissal); *Hall*, 273 F. Supp. 3d at 84 (finding insufficiently descriptive a request for "'all phone records in the possession of the Federal Bureau of Prisons'"); *accord Hall & Assocs. v. EPA*, No. 16-5315, 2018 WL 1896493, at *2 (D.C. Cir. Apr. 9, 2018) (per curiam) ("the district court properly held that the requests as initially drafted did not reasonably describe the documents sought by Hall and would have required EPA to undertake research, analysis, and formulation of opinions—actions not required by FOIA" (citing *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980))).

Even were the Court to conclude that the requests were reasonably descriptive because technology might allow the agency to identify the electronic records being requested, the requests still would be invalid because of the undue burden that they would impose on the agency. *AFGE*, 907 F.2d at 209 ("While Requests 3A and 3B might identify the documents requested with sufficient precision to enable the agency to identify them . . . it is clear that these requests are so broad as to impose an unreasonable burden upon the agency."); *Ctr. for Immigr. Stud. v. U.S.*

*Citizenship & Immigr. Servs.*, Civ. A. No. 22-0117 (TNM), 2022 WL 4289561, at *5-6 (D.D.C. Sept. 16, 2022) (granting summary judgment for agency on issue of overbreadth where the request identified over a million pages of records, the transfer of which for processing would compromise agency computers and, because of the lack of specificity in the request, it was likely that a large portion of the records processed would be irrelevant to the subject of plaintiff's request). As noted above, just one of the named external entities, the United Nations, had more than 133,000 employees. Other external entities like "Officials at the White House," "Members of the National Security Council," and others likewise will have hundreds, if not thousands of employees. The absence of a list of individuals Plaintiff considers to be "Officials," or definitions for terms like "Officials" or "Members" in Plaintiff's request creates a situation where the Agency would need to investigate who at the Agency and listed non-Agency entities might qualify. However, FOIA does not require agencies to conduct research in responding to requests. *Hall & Assocs.*, 2018 WL 1896493, at *2. Ultimately, though the Agency has not yet run searches to assess the volume of potentially responsive records, on its face, the scope of the request suggests that, as in *AFGE*, "[t]hey would require the agency to locate, review, redact, and arrange for inspection a vast quantity of material." *AFGE*, 907 F.2d at 209. Thus, the request is plainly overbroad and unduly burdensome.

"[I]t is the requestor's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested." *Assassination Archives & Rsch. Ctr., Inc. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989), *aff'd in pertinent part*, No. 89-5414, 1990 WL 123924 (D.C. Cir. Aug. 13, 1990) (per curiam) (citation omitted). Thus, "[b]road, sweeping requests lacking specificity are not sufficient." *Sack*, 53 F. Supp. 3d at 163; *see also Marks v. Dep't of Just.*,

578 F.2d 261, 263 (9th Cir. 1978) (courts have "held that broad, sweeping requests lacking specificity are not permissible" (collecting cases)).

Overbroad and unreasonably burdensome requests are invalid because "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters." *Assassination Archives*, 720 F. Supp. at 219. Nor was FOIA intended to allow requesters to conduct a "fishing expedition" through agency files. *Dale*, 238 F. Supp. 2d at 104-05. This limitation protects the ability of federal agencies to prioritize their resources, while also providing the public reasonable access to agency records. *See*, *e.g.*, *Int'l Counsel Bureau v. Dep't of Def.*, 723 F. Supp. 2d 54, 59-60 (D.D.C. 2010). Ultimately, "[a]n agency need not honor a request that requires 'an unreasonably burdensome search.'" *AFGE*, 907 F.2d at 209; *see also Freedom Watch v. State*, 925 F. Supp. 2d 55, 62-63 (D.D.C. 2013) (dismissing complaint where overbroad requests were "infirm from the beginning" regardless of defendants' response to the requests). "The upshot is that, when the request as drafted would require an agency to undertake an unreasonably burdensome search, the agency can decline to process the request." *Nat'l Sec. Counselors v. CIA*, 969 F.3d 406, 410 (D.C. Cir. 2020).

In *Center for Immigration Studies*, for example, the agency was not required to respond to a request where over a million pages were identified as potentially responsive, the request was so untargeted that it would likely identify large quantities of documents unrelated to the requester's purported areas of interest, and processing of the request was expected to put a large post-search burden on the agency. *Ctr. for Immigr. Stud.*, 2022 WL 4289561, at *6; *see also Mason v. Callaway*, 554 F.2d 129, 131 (4th Cir. 1977) (per curiam) (deeming request improper, where plaintiffs sought "all correspondence, documents, memoranda, tape recordings, notes, and any other material pertaining to the atrocities committed against plaintiffs . . ., including, but not limited

to, the files of (various government offices)."); *Hainey v. Dep't of Interior*, 925 F. Supp. 2d 34, 45 (D.D.C. 2013) (deeming request unreasonably burdensome, where search and review of every email sent or received by twenty-five different employees over the course of two years would be required). The same outcome should be reached here.

## CONCLUSION

For these reasons, this action should be dismissed.

Dated: April 9, 2025

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By: _____/s/ *Dimitar P. Georgiev*_____
DIMITAR P. GEORGIEV, D.C. Bar # 1735756
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 815-8654

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST,<br><br>  Plaintiff,<br><br> v.<br><br>U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT,<br><br>  Defendant. | Civil Action No. 25-0333 (LLA) |

### **[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's motion to dismiss, and the entire record herein, it is hereby

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that this case is DISMISSED.

SO ORDERED:

_____          _____
Date                   LOREN L. ALIKHAN
                      United States District Judge